UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. CARMONA, ) | Case No. CV 12-00249-JEM |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) | |
| Defendant. ) | |

**PROCEEDINGS**

On February 17, 2012, Joseph A. Carmona ("Plaintiff" or "Claimant") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") disability benefits. The Commissioner filed an Answer on May 29, 2012. On July 30, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 55 year old male who applied for Supplemental Security Income benefits on February 6, 2009, alleging disability beginning February 21, 2008. (AR 23.) Plaintiff has not engaged in substantial gainful activity since the application date. (AR 25.)

Plaintiff's claim was denied initially on July 15, 2009 (AR 23), and on reconsideration on December 1, 2009. (AR 23.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Michael D. Radensky on October 26, 2010, in San Bernardino, California. (AR 45-75.) Plaintiff appeared and testified at the hearing and was represented by Michael T. Rickard, a non-attorney representative. (AR 23.) Medical expert Samuel Landau and Sandra M. Fioretti, a vocational expert ("VE"), also appeared at the hearing. (AR 23.) The ALJ issued an unfavorable decision on December 23, 2010. (AR 23-30.) The Appeals Council denied review on December 20, 2011. (AR 1-7.)

## DISPUTED ISSUE

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the granting of little or no weight to the diagnostic and functional capacity opinions of treating psychiatrist Dr. Scurry was based on proper legal standards.

2. Whether the ALJ's residual mental functional capacity finding is supported by substantial evidence of record.

3. Whether the finding that Plaintiff's subjective complaints are not credible is supported by substantial evidence and free of legal error.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is

not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix I. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must account for all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

      The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

**THE ALJ'S DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 6, 2009, the application date. (AR 25.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: ischemic heart disease with history of myocardial infarction and chronic stable angina pectoris; chronic neck and low back pain; and mood disorder secondary to drug and alcohol abuse. (AR 25.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 25-26.)

The ALJ then found that Plaintiff had the RFC to perform less than the full range of light work:

> Specifically, he can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk 2 hours in an 8-hour workday; and sit without limitation with normal breaks such as every 2 hours. He can occasionally stoop and bend. He can climb stairs but he cannot climb ladders, work at heights, or balance. He cannot operate heavy equipment or work around unprotected machinery. He is limited to simple repetitive tasks in a non-public work setting.

(AR 26.) In determining this RFC, the ALJ also made an adverse credibility determination. (AR 28.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a sandblaster or inventory taker. (AR 28.) The ALJ, however, did find there were other jobs existing in significant numbers in the national economy that Plaintiff can perform, including bench assembler at the light exertional level, small products assembler at the light exertional

level and assembler of plastic hospital products at the light exertional level, even after eroding the job base by 75%. (AR 29.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 30.)

## DISCUSSION

The ALJ decision must be reversed. The ALJ improperly discounted the opinion of Plaintiff's treating psychiatrist Dr. Scurry and also improperly rejected Plaintiff's credibility. The ALJ's RFC is not supported by substantial evidence or free of legal error.

## I. THE ALJ'S RFC IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ assessed Plaintiff with an RFC for less than the full range of light work with substantial physical and mental limitations. (AR 26.) All three issues raised by Plaintiff concern the ALJ's RFC.

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

### A. The ALJ Improperly Rejected The Opinions And Findings Of Plaintiff's Treating Psychiatrist

The ALJ found that Plaintiff has the medically determinable severe impairment of mood disorder secondary to drug and alcohol abuse. (AR 25.) He found that Plaintiff only had mild or moderate limitations in functioning (AR 26) and could perform less than the full range of light work, limited to simple, repetitive tasks in a non-public work setting. (AR 26.)

Plaintiff's treating psychiatrist Dr. Tanya Scurry, however, saw things differently. Dr. Scurry, an addiction psychiatrist at the Loma Linda Veterans Affairs Medical Center ("LLVAMC") who has been treating Plaintiff since May 2010, diagnosed anxiety disorder, depressive disorder, psychotic disorder, and opiate dependence in full sustained remission.

(AR 591.) She wrote that Carmona has been difficult to treat pharmacologically and has auditory hallucinations. (AR 591.) She wrote a letter stating that Claimant is disabled due to an organic mental condition independent of his substance abuse history. (AR 756.) She submitted a psychiatric impairment questionnaire indicating that Plaintiff had marked limitations in understanding and memory, sustained concentration and persistence, social interaction, and adaptation. (AR 761-2.) She explained that he was "<u>very</u> distractable due to the auditory hallucinations" (AR 763) and opined that his impairments would cause him to miss work more than 3 times a month. (AR 765.)

The ALJ gave little weight to Dr. Scurry's opinions solely because Dr. Scurry offered the opinion that Plaintiff was disabled, an issue reserved to the Commissioner. (AR 28.) The ALJ did not address the rest of Dr. Scurry's opinions and findings. Plaintiff contends that the ALJ improperly rejected Dr. Scurry's opinions and findings. The Court agrees.

    1.  <u>Relevant Federal Law</u>

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). <u>See</u> 20 C.F.R. §§ 404.1527, 416.927; <u>see also</u> <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. <u>Lester</u>, 81 F.3d at 830. However, if the

treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d at 957. Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other evidence of record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

2. Analysis

Plaintiff contends that the record contains no medical opinion regarding his mental functional capacity from either an examining or treating source other than Dr. Scurry's. The ALJ gave great weight to the testifying opinion of medical expert Dr. Samuel Landau, a cardiologist and internist, but Dr. Landau did not examine Plaintiff and did not address psychiatric issues because they were outside his expertise. (AR 28, 50-53, 55.) Thus, Dr. Scurry's opinion is uncontradicted and the ALJ may reject it only for clear and convincing reasons.

Despite Dr. Scurry's extensive opinions and findings, the ALJ dismisses Dr. Scurry as follows:

>The undersigned has considered two letters from Tanya Scurry, MD, Addiction Psychiatrist at LLVAMC, dated July 22, 2010 (Ex. 10F) and October 21, 2010 (Ex. 12F) in which she states her opinion that the claimant is disabled due to an organic mental condition and his substance abuse is not a factor material to the disability. According to federal regulations, the determination of a disability under Social Security Act is a matter reserved exclusively unto the Commissioner of Social Security and his designees (20 CFR 416.927(e)(1)). Therefore, the undersigned gives little weight to the opinions of Dr. Scurry.

(AR 28.) Social Security regulations do make clear that treating source opinions on issues reserved to the Commissioner such as disability, RFC and the Listings are not binding, controlling, or given special significance. 20 C.F.R. § 1527(e)(1), (2) and (3); 20 C.F.R. § 416.927(e)(1), (2) and (3); SSR 96-5p (1996 WL 374183). That those issues are reserved to the Commissioner, however, does not mean that treating source opinions on those issues are irrelevant or can be ignored. SSR 96-5p, at *3, after acknowledging treating source opinions are not controlling on certain issues, explicitly states that "opinions from any medical source on issues that are reserved to the Commissioner must never be ignored." On the issue of whether a claimant is disabled, SSR 96-5p, at *5 also says that medical opinions on these issues "must not be disregarded." Here, the ALJ plainly erred in rejecting the entirety of Dr. Scurry's opinion without further consideration for nothing more than offering an opinion on disability that SSR 96-5p says must not be disregarded or ignored. The ALJ compounded his error by failing even to consider Dr. Scurry's extensive opinions and findings that did not address issues reserved to the Commissioner. The ALJ, then, failed to provide clear and convincing reasons, or specific, legitimate reasons, or any reasons at all, for rejecting Dr. Scurry's opinions and findings.

The ALJ's failure to consider Dr. Scurry's opinion undermines the entire ALJ decision in regard to Plaintiff's psychiatric impairment. The ALJ limited Plaintiff's mental impairment

to a "mood disorder secondary to drug and alcohol abuse" (AR 25), but the ALJ decision itself indicates that LLVAMC records support a diagnosis of "drug-induced psychotic disorder with hallucinations" (AR 27) and Dr. Scurry diagnosed anxiety disorder and psychotic disorder.  The ALJ does not address or acknowledge these diagnoses or account for them in assessing severity, the Listings, or his RFC.  Similarly, Dr. Scurry specifically found that Plaintiff's mental condition was independent of his substance abuse (AR 756), but the ALJ never discusses this issue.  The Commissioner argues that whether drug addiction is a contributing factor material to the determination of disability is also a reserved issue, 20 C.F.R. § 416.935(b), but again Dr. Scurry's opinion "must not be disregarded."  The ALJ erred in rejecting, disregarding and ignoring Dr. Scurry's opinion, and the ALJ's psychiatric determinations regarding impairment, severity, Listings, RFC, and disability are unsupported by substantial evidence.[2]

       The Commissioner's argument that the ALJ was not required to discuss Dr. Scurry's opinions because they were not probative, Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984), is contrary to SSR 96-5p and ignores the fact that Dr. Scurry's opinion is uncontradicted and only can be rejected for clear and convincing reasons.  Nor can it be said that the ALJ's error in failing to discuss Dr. Scurry's opinions and findings was harmless because it would not have altered the ALJ's determination that Plaintiff had the RFC to perform simple repetitive tasks in a non-public setting.  (AR 26).  Carmichael v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless where it would not change the outcome of the disability determination).  The ALJ's mental RFC was based on a mood disorder diagnosis, not a psychotic disorder with hallucinations.  Dr. Scurry opined that Plaintiff's' mental disorder was independent of his drug abuse.  She also explained that Plaintiff was very distractable due to his auditory hallucinations and likely would miss more than 3 days of work a month.  As it is, the ALJ found Plaintiff's ability to perform light work was eroded by 75% because of physical restrictions.  This Court cannot say with certainty

---

    [2]  Thus, the Court need not address separately Plaintiff's argument that the ALJ's RFC mental limitations are unsupported by substantial evidence.

that, if Dr. Scurry's opinions were credited, Plaintiff nonetheless could perform simple, repetitive tasks in a non-public setting on a substantial basis without missing work.

The ALJ improperly rejected Dr. Scurry's opinion.

### B. The ALJ Improperly Rejected Plaintiff's Credibility

Plaintiff contends that the ALJ improperly discounted his credibility. The Court agrees.

#### 1. Relevant Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

## 2. Analysis

In determining Plaintiff's RFC, the ALJ determined that Claimant's statements concerning the intensity, persistence and limiting effects of his symptoms are credible only to the extent that they are consistent with the ALJ's assessed RFC. (AR 28.) Because there was no finding of malingering, the ALJ was required to provide clear and convincing evidence supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ failed to do so.

The ALJ advanced three reasons for discounting Plaintiff's credibility. First, the ALJ observed: "Despite the claimant's insistence that he is clean and sober, the fact that he is being treated by an addiction psychiatrist may suggest an ongoing problem." (AR 28.) This rationale is speculative, unsupported by any evidence, and contrary to the ALJ's own finding that LLVAMC records indicate Plaintiff has maintained his sobriety except for a May 5, 2009, relapse. (AR 28.) This rationale is not clear and convincing or supported by substantial evidence.

Second, the ALJ testified to "wide-ranging activities including cooking, going to the liquor store to buy groceries, doing his own laundry, and attending church fairly regularly." (AR 28.) Daily activities inconsistent with disability can be a legitimate basis for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, however, the ALJ fails to demonstrate how the cited activities translate into the capacity to perform sustained work five days a week or are inconsistent with disability. The ALJ's rationale is further undermined by Dr. Scurry's findings of marked limitations in mental functioning, and auditory hallucinations that distract Plaintiff from tasks and would cause him to miss work more than three days a month. The ALJ's second rationale is not clear and convincing or supported by substantial evidence.

Third, the ALJ found that Plaintiff "admitted he was non-compliant with medication last month which raises issues of other periods of noncompliance." (AR 28.) A claimant's failure to follow a prescribed course of treatment can be a valid reason for discounting credibility. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Again, however, the ALJ speculates about

repeated medication noncompliance without any evidence except for one instance which is not a reasonable or sufficient basis to infer widespread noncompliance. That there "may" have been other instances is not a clear and convincing reason supported by substantial evidence for discounting Plaintiff's credibility.

The Commissioner offers other rationales and cites other evidence not appearing in the ALJ decision to support the ALJ's adverse credibility finding. This Court may not consider arguments, facts and reasons not relied on by the ALJ. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (court cannot base its ruling on considerations not addressed in the ALJ decision).

\* \* \*

The ALJ improperly discounted Dr. Scurry's opinions and findings and Plaintiff's credibility. As a result, the ALJ's RFC is not supported by substantial evidence. The ALJ's non-disability determination is not supported by substantial evidence or free of legal error. The ALJ's decision must be reversed.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and REMANDED for further proceedings in accordance with this Memorandum Opinion and Order and with law.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 8, 2012         */s/ John E. McDermott*
                                                     JOHN E. MCDERMOTT
                                     UNITED STATES MAGISTRATE JUDGE